IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ISAIAH JARROD WHITE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| ) | **Civil Case No. 21-cv-113-CG** |
| **vs.** ) | |
| ) | **Criminal Case No.  18-cr-101-CG-MU** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## <u>ORDER</u>

Petitioner Isaiah Jarrod White (hereinafter "White"), a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 84). The United States (hereinafter "the Government") filed a timely response in opposition (Doc. 87), and White filed a Reply (Doc. 90). For the reasons set forth below, White's § 2255 motion is due to be denied without an evidentiary hearing.

## I. Background

On April 26, 2018, the grand jury for this judicial district returned an indictment against White, charging him with seven counts of Hobbs Act robbery (18 U.S.C. § 1951(a)) (Counts 1, 3, 5, 7, 9-11); four counts of brandishing a firearm during and in relation to a crime of violence (18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)) (Counts 2, 4, 6, 8); and one count of possession of a firearm after having been convicted of a felony (18 U.S.C. § 922(g)(1)) (Count 12). On February

11, 2019, White filed a Notice of Intent to Plead Guilty to Counts 2, 4, and 12 of the Indictment pursuant to a plea agreement. (Doc. 55).

**A. Plea Hearing**

On February 20, 2019, White appeared before the undersigned and informed the Court that he was 31 years old, and his education extended to the 12th grade. (Doc. 79 at p. 4). White also informed the Court that he had been addicted to opiates for a long time, but he was now clean, and he was not under the influence of any drug, alcohol, or medication. *Id.* at pp. 4-5. He also stated on the record that he had received a copy of the indictment for his case, and he had discussed the indictment and the case in general with his lawyer. *Id.* at p. 5. White also stated that he understood the charges pending against him and acknowledged receipt of his plea agreement and factual resume and informed the Court that he discussed both those documents with his lawyer before signing them. *Id.* at p. 6. Furthermore, White stated he understood that, by signing the factual resume, he was agreeing that the Government could prove the facts set forth in that document in support of his guilty plea. *Id.* at p. 15.

When asked whether there were any agreements with the Government that were not included in his plea agreement, White and his counsel informed the Court that there was a disagreement between White and the Government regarding the First Step Act and mandatory consecutive penalties for convictions brought in the same indictment under 18 U.S.C. § 924(c). *Id.* at pp. 6-8. Aside from that dispute, White informed the Court that there were no side agreements that were not

included in his plea agreement. *Id.* at p. 8. White thereafter stated on the record that he understood the terms of his plea agreement, that no one had made any promise or assurance that was not in the plea agreement in order to persuade him to accept the plea agreement, that no one had threatened or forced him to accept the plea agreement, that no one had threatened or forced him to plead guilty, and that he was pleading guilty out of his own free will because he was guilty. *Id.* at pp. 8-9. White also informed the Court that he understood that certain terms of his plea agreement were merely recommendations to the Court, and the Court could reject those recommendations without allowing him to withdraw his plea of guilty and impose a sentence that is more severe than he might anticipate. *Id.* at p. 9. White also stated that he understood he was pleading guilty to felony offenses, which may deprive him of certain civil rights. *Id.* at pp. 9-10.

The Court informed White of the charges and possible sentencing consequences for which he was pleading guilty. Specifically, the Court informed him that he was pleading guilty to three counts in his indictment: Counts 2, 4, and 12. *Id.* at pp. 9-11, 14-15. For Counts 2 and 4, the Court informed White that each count is a violation of 18 U.S.C. § 924(c)(1)(A). *Id.* at pp. 10-11, 14-15. White stated that he understood that in order to convict him of each offense, the Government would have to prove that he committed the crime of violence alleged in the indictment; that he knowingly used, carried, or possessed a firearm, or that he brandished the firearm during the commission of the crime of violence, and that he used the firearm in relation to, or carried it in relation to, or possessed it in

3

furtherance of, the crime of violence. *Id.* at pp. 14-15. White also acknowledged that for each of Counts 2 and 4 the maximum penalty the Court could impose was a mandatory minimum seven years up to life imprisonment consecutive to the sentence on any other count, a fine not to exceed $250,000, a term of supervised release of five years which would follow any term of imprisonment, and, if he violated the conditions of supervised release, he could be imprisoned for that entire term, and a mandatory special assessment of $100 and forfeiture of the firearms involved. *Id.* at pp. 10-11.

The Court also informed White that in order to prove Count 12, the Government would have to prove that he knowingly possessed a firearm in or affecting interstate commerce and that before he possessed the firearm, he had been convicted of a crime punishable by imprisonment for in excess of one year. *Id.* at p. 15. The Court informed White that the maximum penalty the Court could impose for Count 12 is ten years in prison, a fine not to exceed $250,000, a term of supervised release of up to five years, which would follow any term of imprisonment, and if he violated the conditions of supervised release, he could be imprisoned for that entire term, a mandatory special assessment of $100, and forfeiture of the firearms. *Id.* The Court additionally informed White that an enhancement could apply to his case, and he could be found to be an armed career criminal, subjecting him to a mandatory 15 years to life imprisonment. *Id.* at p. 11. White also testified that he understood all of the possible consequences and sentences of the counts to which he was pleading guilty. *Id.* The Court determined

that White was fully competent and capable of entering an informed plea, that he was fully aware of the nature of the charges and consequences of the plea, and that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. *Id.* at p. 16. Accordingly, White's plea of guilty was accepted, and he was adjudged guilty of the offenses. *Id.*

### B. Sentencing Hearing

On May 29, 2019, White appeared before the undersigned for sentencing. (Doc. 78). At the start of the sentencing hearing, White's counsel requested that the Court postpone sentencing until after the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). *Id.* at pp. 3-4. Counsel agreed, however, that White's case is only affected by the elements clause of 18 U.S.C. § 924(c) while the Supreme Court's decision in *Davis* would affect the only residual clause. *Id.*[1] The Court denied White's request to continue sentencing. *Id.* at p. 4.

The Court sentenced White to 46 months' imprisonment on Count 12 and 84 months on each of Counts 2 and 4, to be served consecutively to each other and to the sentence imposed on Count 12. *Id.* at p. 10. The Court also recommended that White be imprisoned at an institution where a mental health treatment program and residential comprehensive substance abuse treatment program are available to

---

[1] White appealed the denial of his motion to continue sentencing. In its opinion, the Eleventh Circuit reiterated that *Davis* was not applicable to White's case because the *Davis* Court did not disturb § 924(c)'s elements clause. *United States v. White*, 806 Fed.Appx. 936, 937 (11th Cir. 2020) (per curiam); (Doc. 80 at p. 3).

5

him. *Id.* The Court found that the guideline range was appropriate to the facts and circumstances of White's case and that, given the statutory purposes of sentencing, it provided for a reasonable sentence. *Id*. at p. 12.   The Court also found that the sentence addresses the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation. *Id.*

After pronouncement of the sentence, White's counsel voiced two objections on the record: (1) an objection to the motion to postpone sentencing, and (2) an objection to the length and consecutiveness of the 46-month sentence imposed for Count 12. *Id.* at pp. 12-13. Counsel's objections were preserved on the record, and the remaining Counts in White's indictment (Counts 1, 3, 5-11) were dismissed. *Id.* at p. 13.

The Eleventh Circuit affirmed White's sentence on May 8, 2020. *United States v. White*, 806 Fed.Appx. 936 (11th Cir. 2020) (per curiam); (Doc. 80).

### C. White's § 2255 Motion

White's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 claims that his convictions under Counts 2, 4, and 12 are invalid because the Government dismissed the substantive Hobbs Act robbery counts pursuant to his plea agreement. (*See* Doc. 84-1 at p. 3).   Accordingly, White asserts four grounds of ineffective assistance of counsel.

In Ground One, White argues that his plea was not knowing and voluntary because his counsel did not inform him about the elements of brandishing a firearm under 18 U.S.C. § 924(c)(1)(A) (Counts 2 and 4). (Doc. 84 at p. 5; Doc. 84-1 at pp. 4-

6

5). White asserts that because the Government dismissed the counts related to Hobbs Act robbery, his convictions were not supported by a crime of violence. (Doc. 84-1 at pp. 4-5).

In Ground Two, White argues that counsel was ineffective because he failed to "raise his pretrial motion to dismiss on Direct Appeal." (Doc. 84 at p. 7; Doc. 84-1 at p. 5). Similar to the reasoning asserted in Ground One, White claims that the Hobbs Act robbery counts were dismissed, and thus, there was insufficient evidence to support his convictions for brandishing a firearm. (Doc. 84-1 at p. 5).

In Ground Three, White asserts that his counsel was ineffective at the plea hearing because he failed to advise him of his rights related to the charges for brandishing a firearm since the Government failed to charge a felony offense in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 84 at p. 8; Doc. 84-1 at pp. 5-6). White also argues that he was misinformed by the District Court as to the nature of the charged crime. (Doc. 84-1 at p. 6).

Similar to the arguments asserted in his other claims for ineffective assistance of counsel, White argues in Ground Four that his counsel was ineffective because he advised White to plead guilty to charges the Government never charged in the indictment. (Doc. 84 at p. 9; Doc. 84-1 at pp. 6-7).

For the reasons discussed herein, White's arguments are without merit, and his § 2255 motion is due to be denied.

## II. Standard of Review

White's § 2255 motion raises several substantive and procedural issues. This section sets out the standards of review for the following: (a) general standards of review under § 2255; (b) ineffective assistance of counsel; and (c) the effect of a guilty plea on § 2255 motions.

### A. General Standards of Review Under § 2255

Under 28 U.S.C. § 2255, a federal prisoner may "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). However, "[o]nce the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted". *United States v. Frady*, 456 U.S. 152, 164 (1982) (stating that this is especially true when a defendant "already has had a fair opportunity to present his federal claims to a federal forum"). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Frady*, 456 U.S. at 165 (collecting cases)). "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (internal citations, quotations, and footnote omitted).

Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." [28 U.S.C.] § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron*[ *v. United States*], 291 F.3d [708,] 715 [(11th Cir. 2002)] (quoting *Holmes v. United States,* 876 F.2d 1545, 1552 (11th Cir. 1989)). "[A] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes,* 876 F.2d at 1553 (quoting *United States v. Guerra,* 588 F.2d 519, 520–21 (5th Cir. 1979)); *see, e.g., Lynn v. United States,* 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the . . . affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

*Winthrop-Redin*, 767 F.3d at 1216 (footnote omitted); *accord, e.g.*, *Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). In making this determination, the Court is aware that it must "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin*, 767 F.3d at 1215.

## B. Ineffective Assistance of Counsel

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Indeed, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id.* at 504; *see also United States v. Curbelo*,

726 F.3d 1260, 1267 (11th Cir. 2013) ("An ineffective assistance claim should usually be raised in a motion under 28 U.S.C. § 2255." (citing *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010))), *cert. denied*, 134 S. Ct. 962 (2014). "To establish an ineffective assistance of counsel claim, a defendant must show that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (quoting *Strickland*, 466 U.S. at 687–88, 694).

"Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Moreover, "[b]ecause both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted); *see also Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one."); *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail."). "The *Strickland* test is not easily met; . . . 'the cases in which habeas

petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Johnson*, 256 F.3d at 1176 (quoting *Waters v. Thomas,* 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (citation omitted)).

"The test for ineffectiveness is not whether counsel could have done more; perfection is not required." *Waters*, 46 F.3d at 1518; *accord, e.g.*, *Burt v. Titlow*, 571 U.S. 12, 24 (2013) ("[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance . . . ."). "A lawyer can almost always do something more in every case. But the Constitution requires a good deal less than maximum performance." *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992).

> In evaluating the first, or "performance," prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." [*Strickland*, 466 U.S.] at 689, 104 S. Ct. at 2065. Because retrospective evaluation of a lawyer's performance can be difficult, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Id.* (internal quotations omitted). A petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they "were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S. Ct. at 2066. Simply put, the deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high. In light of the "strong presumption in favor of competence," . . . in order to prove deficient performance, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

> Under the second, or "prejudice," prong of *Strickland*, a petitioner must "affirmatively prove prejudice" by showing that counsel's errors "actually had an adverse effect on the defense." 466 U.S. at 693, 104

> S. Ct. at 2067. This requires a showing of more than "some conceivable effect on the outcome of the proceeding." *Id.* Instead, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Although this standard is difficult to meet, it is significant that a petitioner must show only a reasonable probability that the outcome would have been different; he "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S. Ct. at 2068. When evaluating this probability, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695, 104 S. Ct. at 2069.

*Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. In making the competency determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (citing *Strickland*, 466 U.S. at 689-91) (citations and quotations omitted).

> "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.' " *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L. Ed. 2d 333 (1980) (quoting *McMann*[ *v. Richardson*], 397 U.S. [759,] 770, 90 S. Ct. [1441,] 1448[ (1970)]). The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Slicker v. Dugger*, 878 F.2d 1380, 1381 n.1 (11th Cir. 1989) (per curiam); *Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir. 1989); *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (per curiam).

> . . . .

> . . . *Hill* clarified the *Strickland* second or "prejudice" requirement

12

in the context of guilty pleas: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370; *Tahamtani v. Lankford*, 846 F.2d 712, 714 (11th Cir. 1988) (per curiam); *see Long v. United States*, 883 F.2d 966, 968 n.4 (11th Cir. 1989) (per curiam); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205, 108 S. Ct. 2846, 101 L. Ed. 2d 884 (1988); *see also Holmes*, 876 F.2d at 1553, *Slicker v. Wainwright*, 809 F.2d 768, 770 (11th Cir. 1987) (These cases were remanded to the district court to determine if accurate, rather than incorrect, information by the defense counsel as to the length of sentence would have changed the defendant's plea.); *cf. Betancourt v. Willis*, 814 F.2d 1546, 1549 (11th Cir. 1987) (This court affirmed the district court's granting a habeas corpus petition based upon its conclusion that petitioner's plea was not voluntary and that his counsel provided ineffective assistance because the evidence was "uncontroverted that petitioner was completely unaware of the ultimate consequences of his plea because his counsel misrepresented the existence of a sentence reduction agreement."). The *Hill* court explained the prejudice requirement with specific regard to a defense counsel's alleged failure to investigate potentially exculpatory evidence:

In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

474 U.S. at 59, 106 S. Ct. at 370; *McCoy*, 804 F.2d at 1198–99.

The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973); *see Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir.) (per curiam) ("[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea,

including violations of the defendant's rights to a speedy trial and due process."), *cert. denied*, 469 U.S. 837, 105 S. Ct. 134, 83 L. Ed. 2d 74 (1984). The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions" in his counsel's advice regarding the plea. *McMann*, 397 U.S. at 774, 90 S. Ct. at 1450; *Tollett*[ *v. Henderson*], 411 U.S. [258,] 267, 93 S. Ct. [1602,] 1608[ (1973)]; *see Hill*, 474 U.S. at 56, 106 S. Ct. at 369 ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). Without "reasonably effective assistance of counsel in connection with the decision to plead guilty," a defendant cannot enter a knowing and voluntary plea because the plea does not represent an informed choice. *McCoy*, 804 F.2d at 1198; *Scott*[ *v. Wainwright*], 698 F.2d [427,] 429[ (11th Cir. 1983)]. Based upon his familiarity with the facts and law, defense counsel must advise the defendant. *Scott*, 698 F.2d at 429. "Counsel's advice need not be errorless, and need not involve every conceivable defense, no matter how peripheral to the normal focus of counsel's inquiry, but it must be within the realm of competence demanded of attorneys representing criminal defendants." *Id.* (emphasis added); *see McMann*, 397 U.S. at 771, 90 S. Ct. at 1449; *Long*, 883 F.2d at 969.

The Supreme Court has recognized that the decision to plead guilty may occur without all of the state's evidence and necessarily takes place without knowledge of all facts revealed by witnesses at trial. *McMann*, 397 U.S. at 769–70, 90 S. Ct. at 1448. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam); *Downs–Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985). An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. *Tafero*, 796 F.2d at 1320; *Thompson v. Wainwright*, 787 F.2d 1447, 1451 (11th Cir. 1986), *cert. denied*, 481 U.S. 1042, 107 S. Ct. 1986, 95 L. Ed. 2d 825 (1987).

14

*Stano v. Dugger*, 921 F.2d 1125, 1149-51 (11th Cir. 1991) (en banc) (footnote omitted). In claiming prejudice under *Strickland* and *Hill*, "[a] movant must [also] allege facts that would prove that a decision not to plead guilty 'would have been rational under the circumstances.'" *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

### C. Effect of Guilty Plea

The "concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). "A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *see also, e.g.*, *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant.")); *United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) (quoting *United States v. Bonilla,* 579 F.3d 1233, 1240 (11th Cir. 2009) ("Generally, entering a guilty plea waives a defendant's right to all non-jurisdictional challenges to a conviction.")).

Stated differently, "a voluntary and intelligent plea made by an accused person, who has been advised by competent counsel, may not be collaterally

attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). Thus, when, as here, a § 2255 motion is filed collaterally challenging a conviction obtained pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see also Bousley*, 523 U.S. at 618 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'")).

## III. Analysis

White's § 2255 motion asserts four grounds of ineffective assistance of counsel.

### A. Ground One: Counsel was ineffective because he misinformed White about the elements of brandishing a firearm.

In his first claim for ineffective assistance of counsel, White argues that his plea was not knowing and voluntary because his counsel did not inform him about the elements of brandishing a firearm under 18 U.S.C. § 924(c)(1)(A) (Counts 2 and 4). (Doc. 84 at p. 5; Doc. 84-1 at pp. 4-5). In response, the Government asserts that White's allegation is insufficient because he has failed to allege prejudice, and White was properly informed of the elements of brandishing a firearm. (Doc. 87 at pp. 12-17).

As a preliminary matter, White contested his sentence on appeal, but did not challenge the validity of his plea. (*See* Doc 71; Doc. 80). In failing to do so, White procedurally defaulted the claim he now attempts to present to the Court. *Lynn*, 365

F.3d at 1232; *Reed v. Farley*, 512 U.S. 339, 354 (1994) ("So far as convictions obtained in the federal courts are concerned, the general rule is that [habeas review] will not be allowed to do service for an appeal.") (citations omitted). Thus, to the extent White attempts to present a defaulted claim disguised as a contention of ineffective assistance of counsel, the Court is unpersuaded.

Moreover, even if his claim were not procedurally defaulted, White's contention that his plea was not knowing and voluntary is belied by the record. *Holmes,* 876 F.2d at 1553 (quoting *United States v. Guerra,* 588 F.2d 519, 520–21 (5th Cir. 1979)). It is well-settled that a defendant is unable to make an "intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him'". *Henderson v. Morgan*, 426 U.S. 637, 645 (1976); *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). As discussed in detail *supra*, the language of the plea colloquy clearly indicates that White received real notice of the elements and sentencing consequences for his convictions under 18 U.S.C. § 924(c)(1)(A), and White testified on the record that he understood the elements of the crime. (Doc. 79 at pp. 10-11, 14-15). Therefore, it is evident that White's plea of guilt was knowingly and voluntarily entered.

Ultimately, the crux of White's ineffective assistance of counsel claim for Ground One is the argument that his counsel should have advised him that, absent conviction for the predicate crimes of violence (i.e. Hobbs Act robbery), White could not be convicted of brandishing a firearm. White's position is misguided.

"A felony offense 'that has as an element the use, attempted use, or threatened use of physical force against the person or property of another' still qualifies as a 'crime of violence.'" *Valdes v. United States*, 793 Fed.Appx. 997, 998 (11th Cir. Feb. 13, 2020) (citing 18 U.S.C. § 924(c)(3)(A)); *see Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) (citing *Davis*, 139 S. Ct. at 2336). It is clear that Hobbs Act robbery  categorically qualifies as a "crime of violence" under 18 U.S.C. § 924(c). *See United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2018), abrogated on other grounds by *Davis*, 139 S. Ct. 2319; *see also In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016). Furthermore, "a conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate offense." *Valdes*, 793 Fed.Appx. at 998 (citing *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019)). Therefore, case law undercuts Ground One of White's § 2255 motion.

Here, White pled guilty to and was convicted of brandishing a firearm under 18 U.S.C. § 924(c) (Counts 2 and 4), but the indictment also charged White with Hobbs Act robbery as the predicate offense for both counts. The factual resume— which White stipulated and agreed was true and accurate in every respect—is wrought with details confirming that White used a handgun to steal nearly four thousand dollars from a Family Dollar Store and a Dollar General Store. (Doc. 58 at pp. 16-25). Additionally, during the plea colloquy, White testified under oath that the Government could prove the facts set forth in his factual resume. (Doc. 79 at p. 15). Hence, White has admitted facts sufficient to support a conviction for

substantive Hobbs Act robbery, and as such, his convictions for brandishing a firearm are supported by a predicate offense. *Valdes*, 793 Fed.Appx. at 998 (citing *In re Navarro*, 931 F.3d at 1302). Thus, White's first claim for ineffective assistance of counsel is incongruous with established case law, and his counsel cannot be deemed ineffective for failing to advise him on an issue that has no merit. *See Cave v. Secretary for Dept. of Corrections*, 638 F.3d 739, 755 (11th Cir. 2011) (citing *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990)).

### A. Ground Two: Counsel was ineffective because he failed to address the denial of White's pretrial motion to dismiss in White's direct appeal.

In Ground Two of his § 2255 motion, White argues that his appellate counsel was ineffective because he failed to "raise [the denial of] his pretrial motion to dismiss[2] on Direct Appeal." (Doc. 84 at p. 7; Doc. 84-1 at p. 5). Specifically, White asserts that there is "insufficient evidence to sustain [his] convictions" under 18 U.S.C. § 924(c). (Doc. 84-1 at p. 5). The Government contends in response that White has failed to allege prejudice under *Strickland*, and his underlying claim is without merit. (Doc. 87 at pp. 17-19). White's argument fails for several reasons.

First, White again contends that since the Hobbs Act robbery counts were dismissed, the Government is unable to provide sufficient evidence to support his

---

[2] On June 6, 2018, White filed a Motion to Dismiss Counts 2, 4, 6, and 8 of his indictment for failure to state an offense. (Doc. 18). In the motion, White argued that Hobbs Act robbery is not a crime of violence as a matter of law, and though the Eleventh Circuit had held contrary to his position, he was challenging Eleventh Circuit precedent and preserving the issue for appellate review. *Id.* The Court denied the motion to dismiss for the reasons stated in the Government's response (Doc. 20) to that motion. (Doc. 25, text-only order).

convictions for brandishing a firearm. (Doc. 84-1 at p. 5). As explained *supra*, White's convictions for brandishing a firearm are supported by a predicate offense, and White's counsel cannot be deemed ineffective for failing to advise him on (or appeal) an issue that has no merit.

Moreover, White's plea agreement provides a limited waiver of right to appeal and waiver of collateral attack (Doc. 58 at pp. 12-13), and the record establishes that White understood those waivers (Doc. 79 at p. 13). By entering his plea of guilty, White waived all non-jurisdictional challenges to his conviction. *See, e.g., Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Accordingly, to the extent that White challenges the sufficiency of the evidence presented in his case, such a challenge is non-jurisdictional and thus waived. *United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010) (citations omitted); *United States v. Christopher*, 250 Fed.Appx. 970, 972 (11th Cir. Oct. 15, 2007) (stating that defendant could not challenge the sufficiency of the government's evidence because "she waived the ability to bring that non-jurisdictional claim by virtue of her knowing and voluntary guilty plea") (citing *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) and *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986)).

Furthermore, the fundamental argument presented in White's Motion to Dismiss was that the four counts for brandishing a firearm "fail to state an offense because Hobbs Act robbery is not a crime of violence as a matter of law". (Doc. 18 at p. 1). White also noted in his Motion to Dismiss that the Eleventh Circuit has held

20

contrary to that position. *Id.*[3] Indeed, the Eleventh Circuit put to rest that argument in White's direct appeal. *United States v. White*, 806 Fed.Appx. 936 (11th Cir. 2020) (per curiam); (Doc. 80) ("However, Hobbs Act robbery—the predicate crime of violence for White's § 924(c) convictions—categorically qualifies as a crime of violence under § 924(c)'s elements clause." (citations omitted)). Thus, even if White's argument was not waived, the Court would be hard-pressed to find that White was prejudiced by counsel's failure to raise the Motion to Dismiss on direct appeal since it is clear that the proceeding would not have been different had the relevant issue been raised. *See United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (citation omitted). White's second ground of ineffective assistance of counsel is without merit.

### B. Ground Three: Counsel was ineffective because he failed to properly advise White at the plea hearing regarding the counts related to brandishing a firearm.

Ground Three of White's § 2255 motion claims that White's counsel was ineffective at the plea hearing because he failed to advise White of his rights related to the charges for brandishing a firearm. (Doc. 84 at p. 8; Doc. 84-1 at pp. 5-6). The Government opposes White's argument and asserts that his allegation does not meet the demands of *Strickland*; White's argument regarding the sufficiency of the

---

[3] White's Motion to Dismiss also argued that the Hobbs Act's residual clause is unconstitutionally vague. *See* Doc. 18. For purposes of the Court's analysis herein, this argument is irrelevant as White was convicted under 18 § U.S.C. § 924(c)'s elements clause.

evidence is procedurally waived; and the factual resume supports a finding that White used a firearm during the robberies. (Doc. 87 at pp. 19-21).

This third ground of ineffective assistance of counsel is essentially a restatement of arguments asserted in his first two claims. As discussed *supra* in evaluating White's first claim of ineffective assistance of counsel, the language of the plea colloquy clearly indicates that White received real notice of the elements and sentencing consequences for his brandishing convictions under 18 U.S.C. § 924(c)(1)(A), and White testified on the record that he understood the elements of the crime. (Doc. 79 at pp. 10-11, 14-15). Furthermore, in analyzing White's second claim for ineffective assistance of counsel, the Court found that White waived any challenges regarding the sufficiency of the evidence presented in his case. Thus, White's contentions that "the government failed [sic] to charge a felony offense with the two § 924(c) [claims]", that "his guilty plea was not knowing and intelligent", and that "he was misinformed by the District Court as to the nature of the charged crime" are contradicted by the record and unfounded.[4] Thus, White's third claim for ineffective assistance of counsel fails.

---

[4] Neither is the Court persuaded by White's reliance on *Bailey v. United States*, 516 U.S. 137, 144 (1995). *See* Doc. 84-1 at p. 6. Though unclear, it appears White asserts that the Government has not shown "active employment of the firearm". To the extent White attacks the factual findings in his case, the record establishes that during the plea colloquy, White stated he understood that by signing the factual resume, he was agreeing that the Government could prove the facts set forth in the factual resume in support of his guilty plea. (Doc. 79 at pp. 6, 15). As such, the factual resume establishes that White actively used a firearm during the robberies.

### C. Ground Four: Counsel was ineffective because he allowed White to enter a plea to charges that were not charged in the Indictment.

White argues in Ground Four of his § 2255 motion that his counsel was ineffective because he advised White to plead guilty to offenses the Government never charged in the indictment. (Doc. 84 at p. 9; Doc. 84-1 at pp. 6-7). The Government contends that White again fails to allege prejudice, and the validity of his convictions for brandishing a firearm is not contingent on his being charged with or pleading guilty to Hobbs Act robbery. (Doc. 87 at pp. 21-22). For reasons the Court has previously addressed, White's fourth claim is due to be dismissed.

White again argues that that his counsel should have advised him that, absent a conviction for the predicate crimes of violence (i.e. Hobbs Act robbery), White could not be convicted of brandishing a firearm. However, as discussed in depth *supra*, White's claim is contrary to case law, and the facts of this case are sufficient to support a conviction for substantive Hobbs Act robbery; as such, his convictions for brandishing a firearm are supported by a predicate offense.

Furthermore, White's reliance on *Davis* is misguided. As the Eleventh Circuit stated in his direct appeal, "The *Davis* court did not disturb § 924(c)'s elements clause. (citation omitted) Thus, *Davis* was not applicable to White's case…". *United States v. White*, 806 Fed.Appx. 936, 937 (11th Cir. 2020) (per curiam); (Doc. 80 at p. 3). Because it was established on direct appeal that *Davis* is not applicable to his case, White is barred from raising it in a collateral attack. *See, e.g, Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *United States v. Nyhuis*, 211

23

F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th

Cir. 1994); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

Accordingly, White's fourth claim of ineffective assistance of counsel is without

merit.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of

the Rules Governing § 2255 Proceedings.  "Unless a circuit justice or judge issues a

certificate of appealability, an appeal may not be taken to the court of appeals from

the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B).

Furthermore, a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Where, as here, the district Court "has rejected the constitutional claims

on the merits, the showing required to satisfy § 2253(c) is straightforward: The

petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under

the controlling standard, a petitioner must show that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further.") (citations omitted and punctuation

modified). "A prisoner seeking a COA must prove something more than the absence

24

of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338. However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, White is **DENIED** a Certificate of Appealability in conjunction with the denial of the instant § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.

**V. Conclusion**

Isaiah Jarrod White's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 84) is **DENIED and DISMISSED with prejudice**, without an evidentiary hearing. White is not entitled to a Certificate of Appealability.

**DONE** and **ORDERED** this 8th day, of March, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE